### WOLFORD et al. v. SOTER CO.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

CORPORATIONS (§ 406*)—CONTRACTS—ULTRA VIRES—UNAUTHORIZED ACTS OF OFFICERS.

    A contract by the president of a corporation on its behalf to furnish its employés suits of clothes is ultra vires on the part of the officer, in the absence of proof of custom of the corporation to provide clothes to employés, especially where the other officers did not know of the transaction.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1611–1614; Dec. Dig. § 406.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Julius Wolford and another against the Soter Company. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

D. W. Steele, Jr., of New York City (Bernard Naumberg, of New York City, of counsel), for appellant.

Wilber, Norman & Kahn, of New York City (Louis L. Kahn, of New York City, of counsel), for respondents.

GAVEGAN, J. Defendant appeals from a judgment of the Municipal Court in favor of plaintiffs in an action for goods sold and delivered.

The action is based upon an oral contract made by plaintiffs with one Soter, defendant's president, who told plaintiff Wolford, in substance, that he made it a practice to furnish his employés with suits of clothes about twice yearly, and that, if plaintiffs' work was satisfactory, they would do a large business with defendant. There is nothing in the record from which it could be inferred that Soter acted in behalf of defendant. On the contrary, Soter stated that the suits were ordered by him personally for members of his family, and plaintiff Wolford admitted on cross-examination that Soter in his presence selected two suits for himself, one for a relation of his and one for an employé.

---

Moreover, monthly statements sent by plaintiffs to defendant were directed to "Mr. Soter."

It affirmatively appears that no such custom as plaintiffs claimed Soter stated to him prevailed in defendant's business, and that none of defendant's officers knew of the transaction which is the subject of plaintiffs' claim. Furthermore, even if Soter intended to bind the defendant to such a contract, his acts were ultra vires.

The judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.